mination of the Town Board establishing that district. We also disagree with the conclusion of the lower court that review under this proceeding cannot extend to the board's determination as to the sufficiency of the petition for establishment of the district. The proceeding was commenced within 30 days after the final determination establishing the district and brings up for review the preliminary order by which jurisdiction to make the final order was obtained. (*Matter of Ramsay* v. *Town Bd. of Hempstead*, 241 App. Div. 83.) (Appeal from judgment of Cayuga Trial Term, dismissing the petition.) Present — Williams, P. J., Goldman, Henry and Del Vecchio, JJ.

■ BUCKLEY PETROLEUM PRODUCTS, INC., and All Other Creditors Similarly Situated, et al., Appellants, v. JOSEPH SCHWARTZ et al., Respondents. (Action No. 1.) O. W. SEIBERT COMPANY, INC., et al., Appellants, v. ASHER S. MARKSON, Respondent. (Action No. 2.) — Appeal unanimously dismissed, without costs as academic. (Appeal from order of Onondaga Supreme Court, settling the record on appeal.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.

■ BUCKLEY PETROLEUM PRODUCTS, INC., and All Other Creditors Similarly Situated, et al., Appellants, v. JOSEPH SCHWARTZ et al., Respondents. (Action No. 1.) O. W. SEIBERT COMPANY, INC., et al., Appellants, v. ASHER S. MARKSON, Respondent. (Action No. 2.) — Order entered April 21, 1964 insofar as appealed from, and judgment entered May 14, 1964 unanimously reversed on the law and facts and in the exercise of discretion, without costs of these appeals to any party, and motions remitted to Onondaga County Special Term for reconsideration, redetermination and the entry of proper orders in accordance with memorandum. Memorandum: The complaints in these actions present another facet of the facts surrounding the financial troubles of Markson Bros., Inc., which in 1959 had a Dun and Bradstreet rating of AAA-1, and underwent a " sudden and unexplained riches-to-rags descent from its position as one of the financially strongest concerns in the central New York area to that of a bankrupt company" (*Bartle* v. *Markson Bros.*, 314 F. 2d 303, 306; see, also, *Bartle* v. *Markson*, 340 F. 2d 30). The complaints herein seek judgment for the full amounts of the claims of certain creditors of the bankrupt crediting thereto 47½% paid pursuant to a plan of arrangement under chapter XI of the Bankruptcy Act (U. S. Code, tit. 11, §§ 701–799). Plaintiffs in both actions moved for various relief including requests for an order to strike certain affirmative defenses in the answers interposed by individual defendants in both actions and for partial summary judgment against defendants in both actions. In the action brought by Buckley Petroleum Products, Inc., and others, defendant, Schwartz, moved for summary judgment dismissing the complaint. It is difficult to describe with brevity the chaotic record that has been produced before this court. The decision of Special Term listed some 13 separate and distinct holdings each of which in summary fashion vitally affected the progress of the litigation. The order entered thereon contains in the ordering paragraphs this identical summary of the decision of Special Term. Thereby, portions of the motion to dismiss certain affirmative defenses are granted but the defenses are not dismissed. Instead of granting leave to serve amended complaints the pleadings are amended in the order in the abbreviated and summary language of the decision. We are not informed whether a successful or an unsuccessful party prepared the order but it fails to comply with the first principles of an understandable and reviewable order. Special Term on its own initiative should have refused to sign this order, inadequate and improper as it was both as to form and substance. All of this carried over into the preparation of a record on appeal. On motion to resettle the record Special Term has stricken therefrom a substantial portion thereof. In essence the appeal from the order deny-